Good morning, Your Honors. May it please the Court, my name is Mi-Anne Rasch. I represent the Appellant Defendant Special Agent Ray Escobar of U.S. Immigration and Customs Enforcement. I'd like to reserve five minutes. Special Agent Escobar was denied qualified immunity on summary judgment for his role in compiling one of two federal prosecution reports that listed Plaintiff Marco Garcia as an identified drug money courier and for executing a facially valid warrant for Garcia's arrest after a grand jury indictment at which Special Agent Escobar did not testify. Garcia claims a mistaken arrest. As a threshold matter, the District Court's entire analysis was based on a false premise that the ICE prosecution report compiled by Escobar was the prosecutor's only source for Garcia's identification. This is flatly wrong. It's undisputed that three separate surveillance identifications were presented in the DEA's later prosecution report months after Agent Escobar and ICE's role in this investigation was concluded. Assuming that what you say is true, my question about that is, if we fully credit your interpretation of the evidence, isn't it still undisputed that Agent Escobar compared Mr. Garcia's DMV photo to the surveillance photos provided by the Pomona police? Doesn't the jury get to decide if the photos are sufficiently similar to objectively establish probable cause? With regard to the Pomona police department photo, yes, it's undisputed that the photo was in Agent Escobar's possession as well as the DMV photo. However, the question of whether it was reckless for him not to include this photo in the ICE prosecution report, as well as the materiality of whether he did that or not, is a question for this court. As well, whether or not a reasonable officer would have found this photo so incredibly exculpatory on its face that he could have discounted multiple surveillance identifications from field officers and all of the other information supporting probable cause can also be decided by this court. Because? When there is objective evidence on the record, this court in Scott v. Harris has said that it can look at that and decide. Also, again, the materiality point is especially important in this case. Even if Agent Escobar did not include this PPD photo in his report, it was ultimately immaterial to what the AUSC actually decided her probable cause determination on. She was well aware of all the so-called exculpatory circumstances around this identification. She knew that the vehicle that the money courier was seen in, although it was registered to Garcia's address, had a different registration name on it. That was presented by Escobar in the ICE report. But was Lopez even investigated or pictures and photos of him examined before Escobar wrote his report? It's undisputed that Lopez, the name that was on the jeep's registration, no photos of him were pulled or looked at. Isn't that plainly incompetent? If it was, it was not Escobar's plain incompetence. He was relying on the surveillance identifications of sworn law enforcement field officers who said they had. But didn't they never actually say that they identified the person as Garcia, that it was equivocal? It may have been Garcia. The DEA certainly is told, especially Agent Escobar, that it had compared their surveillance observations of this money courier with Garcia's DMV photo and confirmed it was the same person. If there was any equivocal identification related to the IRNET and ICE LA identification that ICE Agent Reed had told Special Agent Escobar about, any equivocation there was unknown to Escobar. Didn't the district court find that a genuine issue of material fact existed as to whether anyone had identified Garcia as the driver before his indictment? The court did determine that. Now, what do we do with that? That's a finding. Tell me why that's clearly erroneous. It's clearly erroneous because there are multiple identifications on the record that surveillance officers in the field, including LA Impact, there's two unambiguous LA Impact surveillance reports that state they identified and confirmed that the Jeep driver was Escobar based on his DMV photo. The DMV prosecution report included both that unequivocal LA Impact report and attested to the DEA's own identification of Garcia. But isn't there evidence to the contrary as well? Particularly what, Your Honor? Isn't there evidence that there was no identification or that the identification was not reliable? If that is true, which we don't believe it is. But if the district court had that information before it, why wouldn't it be within the district court's purview to say there are disputed issues of fact such that qualified immunity is not appropriate? The issues of fact are either not material or not genuine. What could be more material than whether or not there was a failure to properly identify the suspect? Isn't that the crux of this case? Well, the crux of this case is whether Special Agent Escobar's conduct in compiling the ICE prosecution report was the proximate cause of his prosecution and arrest. And wasn't the identity of Mr. Garcia the focal point of that investigation? Garcia was one of a dozen or more suspects that were being identified in the course of this international drug money laundering conspiracy. His identification certainly was attested to. One identification was attested to in the ICE prosecution report. Three identifications, including that one, were attested to in the later DEA prosecution. But why is that not a material fact then? That his identification was attested to in the ICE PR? The question about whether the identification was reliable, why isn't that a material fact? The reliability of that identification was unquestioned by Special Agent Escobar. And we have to be able to give law enforcement the ability to rely on information and observations from sworn officers in the field. Escobar was never on surveillance. He was a conduit of information to the prosecutor. His role ultimately, and ICE's role, were usurped by the DEA's investigation. And the information he had, he had no reasonable basis under the totality of the circumstances to question the identification another sworn agent had passed on to him. Who exactly identified Garcia? There were the, in which identification? The Moreno identification? So what we're talking about is Escobar's report. Yes. And there's a series of undisputed things. One of them is that the person who identified Garcia was not identified in the report. What in the ICE prosecution report? Can you answer that yes or no? Is it undisputed that the person who identified Garcia, as it appears in the narrative of the report, identified? Earnet Officer Moreno is identified as the witness for Garcia's identification. Okay. And is it disputed whether or not the surveillance photos were attached to the narrative? No surveillance photos were attached to any narrative. That's undisputed. It's undisputed. And what about Garcia's California driver's license? Was that attached? His driver's license photo was not attached to either report. However, all of his driver's license information was attached, his CDL. The driver's license photo had his photo, right? No photo. Okay. And is it undisputed that the information that the jeep was registered to someone else did not appear in the report? No. That appears multiple times. Two reports included in the ICE PR by Escobar. Are you asking about Escobar's report? Escobar's report. Escobar's report included that the jeep was registered to Lopez. There's two ICE attachments to that report. So did Mr. Escobar at one point say that the L.A. group and IronNet identified Mr. Garcia as the driver? I believe what you're quoting is from his draft ROI notes. It was an e-mail, wasn't it? Yes, his e-mail to the DEA. In that same e-mail, he told the DEA, this vehicle is registered to a different name. Our guys identified it as Garcia. Please float it around to your group to confirm or to see whether this is the individual that was observed. But I thought you said in response to Judge Warlaw's question that Moreno identified Mr. Garcia. There were two identifications of Garcia that Special Agent Escobar was aware of. One was the identification relayed to him by Agent John Reed, which involved IronNet and Officer Moreno. The second is when Escobar gave the DEA an e-mail saying, this vehicle is registered in the name of Lopez. Here's a photo of the man our team identified as the driver. Please float it around to your team and see if this is the same person. At that time, Special Agent Chrysanthos and Miller of the DEA shared that photo with their team. The team said, yes, this is the person we saw, and that information was relayed back to Escobar. Those are the two identifications he was aware of. But the first the district court rejected was not bound by Mr. Garcia's concession that Agent Reed told Agent Escobar that Mr. Garcia was positively identified. Again, the district court judged there's conflicting evidence here. I'm not going to accept that concession. What do we do with that on summary judgment? Well, when you say concession, could you clarify your question? Yes, that Mr. Garcia conceded that Agent Reed told Agent Escobar that Mr. Garcia was positively identified as the driver of the Jeep. Certainly. I mean, it's undisputed that Reed told Escobar that Garcia had been positively identified. But the district court judge said, I do not accept that concession because there's conflicting evidence. What do we do as an appellate court after summary judgment with the district court's determination that there is still disputed evidence? There may be disputed evidence as to whether Garcia was positively identified. Those disputes were not known to Escobar at that time. Therefore, they could not have played into his understanding of the identification and of probable cause. If I may, I'd like to reserve the rest of my time. Good morning, Your Honors. My name is Kenneth McDonald. I am one of the attorneys that represents Mr. Garcia in this matter, and I would also like to reserve five minutes if I could. Would you speak up, please? Yes, I would like to reserve five minutes as well, please. Under the circumstances, Your Honors, a reasonable, prudent officer would certainly have acted differently than Mr. Escobar did in the case at hand. For example, the district court did point out that it was concerned about the draft ROI that was prepared and the contents of that draft ROI. For example, the draft ROI referred to a positive identification by three different agencies. One was by ICE LA, two was by the DEA, and three was by ERNET. At the lower court, in the district court, it was made clear, Your Honors, that this information wasn't conveyed to the federal prosecutor. The only thing that was conveyed was that ERNET and Officer Moreno had allegedly made the identification, yet Moreno's deposition clearly had no clue. I'm sorry, Your Honor. I was just going to say, according to opposing counsel, that's immaterial. That's an immaterial issue of fact. Why isn't she correct on that point? Because Escobar was the one that was drafting the draft ROI. He was the one that was preparing the report, and he's the one that communicated that information, the misinformation, to the prosecutor. Would it matter if he reported only one or two entities having identified Mr. Garcia as opposed to three? What would be the materiality of that omission? Here's the materiality of that. First of all, the DEA report that was attached to the prosecution report in two instances referred to the identification as possibly, not probable, possibly. The second instance was there was a reference to the ICE-LA identification, Your Honor, and that ICE-LA identification never took place. Mr. Reed testified in his deposition. The only thing he knew about this identification was in the reports that he wrote. Well, the report that the ICE agents wrote by Aguilar and Escobar both simply referred to the fact, referred to the ERNET report. Well, you go to the ERNET report, and there's not a single word about Mr. Garcia in that particular report. In fact, the only thing that's referenced is the registered owner of the vehicle, Mr. Lopez. So is it your position that Mr. Garcia referred to the ERNET identification? His reference to that was not accurate? That's absolutely correct, Your Honor. And Mr. Escobar knew that it wasn't correct. In fact, Mr. Escobar, through the whole process, he was tasked with drafting the prosecution report. He was tasked with the investigation. And being tasked with that investigation doesn't mean you accept a conclusion by a federal officer or your federal officer at the outset, and you run with that through the entire process, and you discount, you don't consider the contents of the various reports that were provided, and you don't consider the photo that Pomona PD had provided. And by the way, that Pomona PD photo was never mentioned in the prosecution report to the prosecutor. So the prosecutor had no idea of the existence of that photo, notwithstanding our argument, Your Honors, is that the L.A. Impact photos were also known, but just concentrating on the Pomona PD photo because that was known. Counsel, why doesn't the decision of the prosecutor to purge Mr. Escobar of any liability for his actions? Well, I don't know that it purges. It's a burden-shifting issue, as I understand it, Your Honor. It's a presumption. And that being said, the burden or the causation of misrepresenting and withholding the exculpatory evidence, necessary evidence, breaks that chain of causation, and the prosecutor's decision has been impugned. And therefore, it is our position that that burden has been met by us in our opposition to the MSJ. So don't we presume, though, that the prosecutor takes an independent look at the evidence in deciding whether or not to initiate prosecution? Yes, Your Honor, much like this court would do that as well. However, when you're not presented with the material information, what can you do? You're not presented with a Pomona PD photo. Any reasonable, prudent officer would look at that photo and compare it to a 7- or 8-year-old CDL and say, oh, my gosh. And wouldn't the prosecutor, and full disclosure, I happen to know Carmen Wehi because I worked with her at Melvin and Meyers, I don't know, 25 years ago? Yes, Your Honor. A long time ago. But isn't the agent's responsibility to produce all the information to the prosecutor, even the exculpatory information, so that the prosecutor can actually exercise their responsibility to make an independent judgment based on all the information known to the investigative agency? Yes, Your Honor, I believe that is the case, especially information like three alleged identifications that Mr. Escobar documented in his draft ROI and then only presents to the prosecutor this alleged identification by Moreno. And then the prosecutor subsequently and almost immediately dismissed Garcia? No, Your Honor. Wasn't he dismissed? He was dismissed, but that was 60 days after he was in jail. So, Counsel, as a procedural matter, the motion for summary judgment Oh, sorry. I don't have my microphone. Sorry. The motion for summary judgment was denied. And so if that decision is upheld, this case will go back for trial. Is that where we are procedurally? Yes, Your Honor. We had started trial, but on this particular issue we had to bifurcate it because of the appeal. And once this matter goes back down to the district court, then we try the balance of the case, Your Honor. And the judge isn't saying that Escobar is not entitled to qualified immunity. He's saying there's genuine issues of material fact that the jury needs to find before that decision can be ultimately determined. Yes, Your Honor. This is just a question as to immunity of suit, if you will. And certainly this immunity can be raised before this court at another time once trial has been concluded in this matter. Well, it can be raised actually as a matter of law once the jury has finished hearing the evidence as well, couldn't it? Yes, Your Honor. That's my understanding. I don't understand why ICE isn't in here defending Escobar, a lawyer from the Justice Department. Well, I believe they were initially. The AUSA was initially the appellate counsel, and then this fine firm here was substituted in. Okay. You know, in this case, there's nothing to show that Escobar lied about it or was reckless about it. He had the subjective belief that Mr. Garcia was the driver of the car. Is that sufficient to grant qualified immunity? Your Honor, I don't believe that he was telling the truth. I believe he misrepresented the fact that the identification occurred, period. And then he knowingly withheld exculpatory photos from the prosecutor. Does it really matter, though, his subjective intent if a reasonable officer would not have proceeded in the manner that he did? Does it really matter if he had subjective good faith? I believe that's the case because that's the test, as I understand it, Your Honor. Do you want to reserve? I still have a minute. I just wanted to point out, if the court would look at the notes of the prosecutor, Luege, in the notes, Your Honors, you will see that no mention is made to Luege, specifically that Moreno did the identification. It was all put off to the side of the DEA and allegedly the L.A. Impact officers who were working under the DEA. So Escobar knew that Moreno had not identified him, yet he stated in his prosecution report otherwise. And there was further information in those notes, those same notes, that when Luege had questions about the identification, she went to Miller first, yet Miller deferred the matter over to Mr. Escobar. So he clearly was the officer that was in charge of the investigation and the report writing. With that, Your Honors, I'd like to reserve the balance of my time. Thank you. We don't usually have the reserve like you might do in district court, but we're going to let him have the opportunity in case something new is raised. The fact that this was deferred to Escobar is not material to the actual analysis. If the DEA wanted to point the finger at somebody else, that is something that this court should maybe take a close look at. But you're not arguing, are you, that Agent Escobar didn't have responsibility for an investigation, are you? No, certainly not. Up until August, he was managing ICE's identification. The DEA parallel identification was going along. In August, AUSA Luege told ICE that the DEA would take it from here. So from that point on until November when the DEA's report was submitted, it was him. It was the DEA and DEA Agent Miller. I'd just like to kind of bring back to the information that the prosecutor did have before her. Much of what the district court concluded she did not have was false. It's undisputed that AUSA knew the jeep was registered to a different name than Garcia. She testified that she did. Special Agent Escobar included this information at least twice in the ICE PR. It was also included in the DEA PR. It's undisputed that the AUSA knew surveillance photos existed. The DEA prosecution report undisputedly referred to the existence of the LA Impact surveillance photos. So the fact that the PPD photo was not mentioned in Escobar's ICE report is immaterial given that the prosecutor knew this and was very aware that surveillance photos existed. But isn't it usually incumbent upon the investigating agent to give all of the information that's known so the prosecutor will know the full factual scenario before deciding whether to prosecute? Why would an agent pick and choose as to what to include in a report? Well, every single piece of information is not going to make it into the prosecution report. When you've got an undisputed, unquestioned surveillance identification, as Carmen Luege testified, it's not unusual for surveillance photos not to be attached to reports because the prosecutor can always identify them. I'm not sure that that testimony is even relevant because the time at which we're supposed to be considering whether or not Agent Escobar has qualified immunity is at the point where he provides the information to the prosecutor. And what was the information he provided? And is there a question of fact as to whether he had contradictory or exculpatory information known to him that he did not provide? And whether it was reckless or reckless falsification of the truth for him to have included? Whether it was objectively unreasonable of him. Certainly. And as this Court has said in every v. Estes, it is only objectively unreasonable for a law enforcement officer to deliberately or recklessly misstate facts material to the probable cause determination. But you don't think the California driver's license, the surveillance photos taken by Pomona, taken by L.A. Impact, are material? Well, first, he did not have – it's undisputed that he never saw the L.A. Impact photos and the record's clear he wasn't even aware of them. All of the plaintiff's relevant information wasn't – The district court made a finding that he was aware of them? The district court said that based on an assumption that there was a second ICE prosecution report that referenced these photos, this was a fairly blatant misrepresentation of the evidence. I think the problem you have is that the district court made these findings, and you can't argue it's a blatant misrepresentation or the district court was – I mean, you have to say how it's a clearly erroneous finding that the district court made. It's a clearly erroneous finding on the record. I mean, this Court's review is de novo. You don't have to – The finding's a fact, it's not. When you have clear record evidence that is to the contrary – The district court also made a finding of fact that the IRNET surveillance report was not included in the ICE PR. This is absolutely wrong. It was included in the ICE PR as ICE PR Exhibit 3. The district court made a finding of fact that the DEA's May 18th surveillance report, this one that says he was only possibly identified, was not ever provided to the DEA. There's no evidence that Escobar ever had this, and it was provided to the DEA in the DEA's prosecution report. So there's a number of very glaring factual inaccuracies in what the district court found. What about the district court's finding that the placeholder pages raised a reasonable inference that Escobar's request for the L.A. impact report was honored and that he decided not to provide the exculpatory photos to the prosecutor even though he had them? It's undisputed he never saw the L.A. impact photos. The only issue that – What is undisputed about that? He says he didn't. They said he did. And – The other side – He claimed he never saw the L.A. impact photos. But the district court found that he failed to support this claim with evidence and that the district court wasn't going to look for the evidence. It was his duty to provide it. And the attorneys below did point the district court to the record where it was clear that these were not the photos. Again, the other side has never said that Escobar viewed these photos. The only issue that has been raised is whether or not Escobar had knowledge of a DEA-6 report that referenced the photos. So, counsel, if Agent Escobar said he did not ever see the photos and the district court didn't believe him, why wouldn't that – why wouldn't we be bound by that finding of fact by the district court? As we set out in the briefs, we believe that the undisputable record evidence is very clear why he – Other than his statement, what is there in the record to remove any dispute? That the ICE – the ICE prosecution report that the other side kept pointing to as proof that he knew about these photos was not actually – he was – they were pointing to a report that was never included in the ICE prosecution report. But that doesn't indisputably show that he didn't know about it. Even if he did know about the photos, even if we were to accept that, it would be immaterial given that no one has ever said he saw them. And he possessed what he was told by the Pomona Police Department was a surveillance photo of Garcia. Why would he have requested additional photos when he had one in his possession? I think you're well over your time, so thank you very much, Counsel. We'll give you a couple of minutes to just rebut the newly raised – Thank you, Your Honor, and that's all I will take from you. With respect to the difference of these two prosecution reports, in the opposition as well as in the statement of facts, we made it clear that there was two versions of the report that was produced by the defendants. It wasn't our doing. It was their doing with respect to any complaint that somehow the court misunderstood. In fact, in the – at ER 558, we mention as an additional material fact is that the U.S. has now produced two versions of the ICE prosecution report. Moving on, the arrest – just briefly with respect to the arrest warrant and the Pomona PD photo, it is the position of Mr. Garcia that there was two occasions that Escobar had the opportunity to pull the – and provide the Pomona PD photo. It was one to the prosecutor, and he failed to produce it and provide it to the officers on the arrest team. And why did he do that? He did that because he knew that the officers would raise a question as to whether or not they had the right individual whom they were pursuing to arrest. And with that, if Your Honor has any further questions, I submit. All right. Thank you, Counsel. Thank you, Your Honor. Garcia v. Escobar is submitted.
judges: Nelson, Wardlaw, Rawlinson